Citation Nr: 1823349 
Decision Date: 04/18/18 Archive Date: 04/25/18

DOCKET NO. 14-24 924A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUES

1. Entitlement to service connection for a colon condition, claimed as tumors, to include as due to radiation exposure.

2. Entitlement to service connection for prostate cancer, claimed as tumors, to include as due to radiation exposure.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Arif Syed, Counsel




INTRODUCTION

The Veteran served on active duty from January 1951 to December 1954.
 
This case comes before the Board of Veterans' Appeals (Board) on appeal of a September 2012 rating decision by the Department of Veterans' Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico.

In July 2014, the Veteran requested a hearing before the Travel Board on a VA Form 9. However, in a March 2015 Statement in Support of Claim and a September 2016 Correspondence, the Veteran stated that he wished to withdraw his request for a hearing before the Board. See 38 C.F.R. §20.702(e) (a request for a hearing may be withdrawn by the appellant at any time before the date of the hearing). Therefore, no hearing is required prior to consideration of the appeal.

In May 2017, the Board remanded the Veteran's claims. The Veteran's VA claims folder has been returned to the Board for further appellate proceedings.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran had exposure to ionizing radiation in service when he participated in Operation Castle. 

2. Neither radiation exposure nor service otherwise was the cause of the Veteran's prostate condition, diagnosed as prostate nodule.

3. Neither radiation exposure nor service otherwise was the cause of the Veteran's colon condition, diagnosed as colitis.



CONCLUSIONS OF LAW

1. The criteria are not met for service connection for a prostate condition, to include as due to ionizing radiation. 38 U.S.C. §§ 1110, 1112, 5103, 5103A, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309, 3.311 (2017).

2. The criteria are not met for service connection for a colon condition, to include as due to ionizing radiation. 38 U.S.C. §§ 1110, 1112, 5103, 5103A, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.309, 3.311 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks entitlement to service connection for a prostate condition and a colon condition. In the interest of clarity, the Board will discuss certain preliminary matters. The issues on appeal will then be analyzed and a decision rendered.

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duties to notify and assist claimants with substantiating their claims for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. § 3.102, 3.156(a), 3.159 (2017). In the case at hand, the requirements of 38 U.S.C. 
§§ 5103 and 5103A have been met. There is no issue as to whether the Veteran was provided an appropriate application form, or the completeness of his application. VA notified the Veteran in December 2011 of the information and evidence needed to substantiate and complete his claims, to include notice of what part of that evidence was to be provided by him, and what part VA would attempt to obtain.

VA has also fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate his claims. The pertinent evidence of record includes statements from the Veteran, service treatment records, and postservice VA and private treatment records. 

As alluded to above, in May 2017, the Board remanded these claims and ordered the agency of original jurisdiction (AOJ) to provide the Veteran with VA examinations to determine the etiology of any prostate and colon condition. Further, if, and only if, a VA examiner determined that the Veteran's current colon and/or prostate disability is a radiogenic disease, to the extent possible, in accordance with 38 C.F.R. § 3.311(a)(2)(iii), the AOJ was directed to forward the Veteran's records concerning his radiation exposure - including, but not limited to, any service records, his statements regarding radiation exposure, and any other information obtained while the case was in Remand status - to the Under Secretary for Health, for preparation of a dose estimate, to the extent feasible. The Veteran's claims were then to be readjudicated. 

Pursuant to the Board's remand instructions, the Veteran was scheduled for VA examinations in order to determine the etiology of his prostate and colon conditions. A review of the record reveals that the Veteran was notified of this examination. See VA Compensation and Pension Examination Inquiry dated July 2017. However, the Veteran did not report for the examination. Indeed, he reported to VA that he was no longer interested in pursuing those appointments and requested that the examinations be cancelled. As such, the Veteran did not request that the examination be rescheduled or provide good cause for his failure to report. See 38 C.F.R. § 3.655 (2017). 

In order for VA to process claims, individuals applying for VA benefits have a responsibility to cooperate with the agency in the gathering of the evidence necessary to establish allowance of benefits. See Morris v. Derwinski, 1 Vet. App. 260, 264 (1991). Moreover, VA's duty to assist is not always a one-way street, and if a veteran wishes help, he/she cannot passively wait for it in those circumstances where he/she may or should have information that is essential in obtaining the putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991); see also Swann v. Brown, 5 Vet. App. 229, 233 (1993). 

In light of the above, the Board finds that the AOJ has complied with the May 2017 remand instructions to the extent possible, and no further action in this regard is warranted as to the prostate condition and colon condition claims. Further, because the Veteran failed to report to his VA examinations and because these are original claims for compensation, these claims are being evaluated on the basis of the evidence of record. See 38 C.F.R. § 3.655(b).

The VCAA provisions have been considered and complied with. The Veteran was notified and aware of the evidence needed to substantiate his claims, the avenues through which he might obtain such evidence, and the allocation of responsibilities between himself and VA in obtaining such evidence. The Veteran was an active participant in the claims process by providing evidence and argument. Thus, he was provided with a meaningful opportunity to participate in the claims process and has done so. Any error in the sequence of events or content of the notices is not shown to have any effect on the case or to cause injury to the Veteran. Therefore, any such error is harmless and does not prohibit consideration of this matter on the merits. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); see also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998).

Service connection for prostate condition and colon condition

The Veteran contends that he has a colon condition, claimed as tumors, and prostate cancer, claimed as tumors, as a result of his service, to include as due to radiation exposure. He asserts that he was exposed to radiation when he participated in Operation Castle. He further states that he was on a small boat during service and was in charge of setting up for a blast on each island. He reported that "after the blast, we would go in and recover what we were told to pick up." He states this is where he was exposed to radiation. In fact, the Veteran asserts that "on at least two occasions, we were stripped of all our clothing before we could Board our ship." The Veteran's military personnel records confirm the Veteran's participation in Operation Castle in 1954. The Veteran has provided Internet research concerning Operation Castle.

Service connection may be granted for disability resulting from disease contracted or an injury incurred in service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a).
Basic requirements for service connection are (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) causal relationship between the disability and service. See generally, Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection for a disease that is claimed to be attributable to ionizing radiation exposure during service may be established in one of three different ways, which have been outlined by the Court. See Davis v. Brown, 10 Vet. App. 209, 211 (1997); Rucker v. Brown, 10 Vet. App. 67, 71 (1997). 

First, where it is contended that disease developed as a result of exposure to ionizing radiation during service, service incurrence may be presumed under 38 U.S.C. § 1112(c) and 38 C.F.R. § 3.309(d) for veterans who participated in defined radiation risk activities and have certain diseases. Second, service connection may be established under 38 C.F.R. § 3.303(d) with the assistance of the procedural advantages prescribed in 38 C.F.R. § 3.311 if certain conditions are met. Third, direct service connection can be established under 38 C.F.R. § 3.303(d) by showing that the disease was incurred during or aggravated by service without regard to the statutory presumptions. See Combee v. Brown, 34 F.3d 1039, 1043-44 (Fed. Cir. 1994).

As it applies to 38 U.S.C. § 1112(c) and 38 C.F.R. § 3.309(d), the term "radiation-exposed veteran" means a veteran who participated in a "radiation-risk activity." 38 U.S.C. § 1112(c)(3)(A); 38 C.F.R. § 3.309(d)(3)(i). The term "radiation-risk activity" means: onsite participation in a test involving the atmospheric detonation of a nuclear device; the occupation of Hiroshima or Nagasaki, Japan, during the period beginning on August 6, 1945, and ending on July 1, 1946; internment as a prisoner of war of Japan during World War II resulting in an opportunity for exposure to radiation comparable to those occupying Hiroshima or Nagasaki; certain service on the grounds of a gaseous diffusion plant in Paducah, Kentucky, Portsmouth, Ohio, or at area K25 at Oak Ridge, Tennessee; or certain service on Amchitka Island, Alaska. See 38 U.S.C. § 1112(c)(3)(B); 38 C.F.R. 
§ 3.309(d)(3)(ii). 

Diseases presumptively service connected for radiation-exposed veterans under 38 U.S.C. § 1112(c) and 38 C.F.R. § 3.309(d) include: leukemia (other than CLL), thyroid cancer, breast cancer, pharynx cancer, stomach cancer, small intestine cancer of the, pancreas cancer, multiple myeloma, lymphomas (except Hodgkin's disease), bile duct cancer, gall bladder cancer, primary liver cancer (except if cirrhosis or hepatitis B is indicated), cancer of the salivary gland, urinary tract cancer, bronchiolo-alveolar carcinoma, brain cancer, colon cancer, lung cancer, and ovarian cancer. 38 U.S.C. § 1112(c)(2); 38 C.F.R. § 3.309(d)(2). 

The second approach to substantiate a radiation exposure related service connection claim is under 38 C.F.R. § 3.311. To consider a claim under § 3.311, the evidence must show: (1) the veteran was exposed to ionizing radiation in service; (2) subsequently developed a radiogenic disease; and (3) such disease became manifest within a period specified by the regulation. 38 C.F.R. § 3.311(b). If any of these three requirements is not met, service connection for a disease claimed as secondary to exposure to ionizing radiation cannot be granted under 38 C.F.R. § 3.311. 38 C.F.R. § 3.311(b)(1)(iii). 

For purposes of 38 C.F.R. § 3.311 , the term "radiogenic disease" means a disease that may be induced by ionizing radiation. 38 C.F.R. § 3.311(b)(2). The regulation states that the term radiogenic disease shall include: (i) All forms of leukemia except chronic lymphatic (lymphocytic) leukemia; (ii) Thyroid cancer; (iii) Breast cancer; (iv) Lung cancer; (v) Bone cancer; (vi) Liver cancer; (vii) Skin cancer; (viii) Esophageal cancer; (ix) Stomach cancer; (x) Colon cancer; (xi) Pancreatic cancer; (xii) Kidney cancer; (xiii) Urinary bladder cancer; (xiv) Salivary gland cancer; (xv) Multiple myeloma; (xvi) Posterior subcapsular cataracts; (xvii) Non-malignant thyroid nodular disease; (xviii) Ovarian cancer; (xix) Parathyroid adenoma; (xx) Tumors of the brain and central nervous system; (xxi) Cancer of the rectum; (xxii) Lymphomas other than Hodgkin's disease; (xxiii) Prostate cancer; and (xxiv) Any other cancer. 38 C.F.R. § 3.311(b)(2). 

Section 3.311(a) calls for the development of a radiation dose assessment where it is established that a radiogenic disease first became manifest after service, where it was not manifest to a compensable degree within any applicable presumptive period specified in either 38 C.F.R. § 3.307 or § 3.309, and where it is contended that the disease is a result of ionizing radiation in service. Dose data will be requested from the Department of Defense in claims based upon participation in atmospheric nuclear testing and in claims based upon participation in the American occupation of Hiroshima or Nagasaki, Japan, prior to July 1, 1946. 38 C.F.R. § 3.311(a)(2). In all other claims involving radiation exposure, the VA Under Secretary for Health will be responsible for preparation of a dose estimate, to the extent feasible, based on available methodologies. Id. 

Finally, direct service connection can be established by "showing that the disease or malady was as previously noted, incurred during or aggravated by service," a task which "includes the difficult burden of tracing causation to a condition or event during service." Combee, supra.

This case does not fall into the first category, because the Veteran does not have a disease specific to radiation-exposed veterans that would be automatically presumed service-connected under 38 C.F.R. § 3.309(d). In this regard, the Veteran's September 2006 VA treatment record indicates "prostate nodule/ elevated PSA," and a preoperative diagnosis and postoperative diagnosis of "R/O prostate cancer." A February 2004 VA treatment record indicates a preoperative diagnosis of "rectal mass," an operative finding of "sigmoid mass," and postoperative diagnosis of "R/O cancer." The VA treatment record also documents treatment for colitis. There is no other medical evidence of a prostate or colon condition, to include prostate cancer or colon cancer.

As discussed above, the AOJ scheduled the Veteran for a VA examination in July 2017. The Veteran was notified of the VA examination via a phone call from RO personnel prior to the scheduled examination. Unfortunately, the Veteran did not appear for his examination and has not provided good cause as to why he did not appear. Indeed, he requested that the examinations be cancelled. Therefore, no further determination could be made regarding whether he has prostate cancer, or colon cancer in particular which as noted above, is a disease specific to radiation-exposed veterans that would be automatically presumed service-connected under 38 C.F.R. § 3.309(d). Moreover, the case must be decided solely on the basis of the evidence of record. See 38 C.F.R. § 3.655(b). 

Crucially, a review of the evidence of record does not reveal a current disability manifested by prostate cancer or colon cancer. VA treatment records, to include a removal of colon specimen in February 2004, specifically rules out a diagnosis of cancer and only revealed colitis. Also, a September 2006 VA treatment record indicates "prostate nodule/ elevated PSA," and a preoperative diagnosis and postoperative diagnosis of "R/O prostate cancer." 
 
In relevant part, 38 U.S.C. 1154(a) (2012) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). "Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence").

The Board notes that the Veteran, although entirely competent to report his symptoms both current and past, as a lay person is not competent to associate any of his claimed symptoms to prostate cancer or colon cancer. Such opinion requires specific training in the field of oncology and is beyond the competency of the Veteran or any other lay person. In the absence of evidence indicating that the Veteran has the training in the field of oncology to render medical opinions, the Board must find that his contention with regard to a diagnosis of prostate cancer and colon cancer to be of minimal probative value and outweighed by the objective evidence of record which is absent a finding of such. See also 38 C.F.R. § 3.159(a)(1) (2017) (competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions). Accordingly, the statements offered by the Veteran in support of his own claim are not competent evidence of a current prostate cancer or colon cancer.

As to the second category, as indicated above, the Board acknowledges that the Veteran was exposed to radiation when he participated in Operation Castle. However, as to whether the Veteran has a radiogenic disease, the competent and probative evidence is pertinently absent of such. As discussed above, the Board remanded the Veteran's claims in May 2017 in order for the Veteran to be provided VA examinations to determine whether he has conditions such as prostate cancer and colon cancer which would be considered radiogenic diseases under 38 C.F.R. § 3.311. If, and only if, a VA examiner determined that the Veteran's current colon and/or prostate disability is a radiogenic disease, to the extent possible, in accordance with 38 C.F.R. § 3.311(a)(2)(iii), the AOJ was directed to forward the Veteran's records concerning his radiation exposure - including, but not limited to, any service records, his statements regarding radiation exposure, and any other information obtained while the case was in Remand status - to the Under Secretary for Health, for preparation of a dose estimate, to the extent feasible.

Crucially, the Veteran did not report to the scheduled VA examination, and the current objective evidence does not document a prostate condition or a colon condition manifested by a radiogenic disease, specifically prostate cancer and colon cancer. 

The Board will next determine whether the Veteran's current prostate condition diagnosed as prostate nodule/elevated PSA and colon condition diagnosed as colitis are related to service, to include ionizing radiation exposure, on a direct basis. See Combee, 34 F.3d at 1043. 

As to a current disability, the Veteran's September 2006 VA treatment record indicates "prostate nodule/ elevated PSA," and a preoperative diagnosis and postoperative diagnosis of "R/O prostate cancer." A February 2004 VA treatment record indicates a preoperative diagnosis of "rectal mass," an operative finding of "sigmoid mass," and postoperative diagnosis of "R/O cancer." The VA treatment record also documents treatment for colitis.

As to in-service disease or injury, the Veteran's service treatment records are absent complaints of or treatment for either a prostate condition or colon condition or symptoms associated therewith. However, the Board acknowledges the Veteran's report that he was exposed to ionizing radiation during participation in Operation Castle, and his military personnel records confirm his participation in Operation Castle in 1954

With regard to a nexus, without an examination and opinion to resolve a question as to whether the Veteran's prostate and colon conditions are related to his service, to include ionizing radiation exposure, no further determination can be made regarding the diagnosis and relationship to service, and the case must be decided solely on the basis of the evidence of record. See 38 C.F.R. § 3.655(b). 

The Board notes that there is no probative and credible evidence supporting the contention that the Veteran's current prostate and colon conditions are related to service other than his own statements. The Board acknowledges that lay assertions may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. See Jandreau v. Nicholson, 492 F. 3d 1372, 1377, n.4 (2007) ("sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer"); see also Buchanan v. Nicholson, 451 F. 3d 1331 (Fed. Cir. 2006). A layman is competent to report what he or she experiences through one of the senses. See Layno v. Brown, 6 Vet. App 465, 470 (1994). Thus, the Veteran is competent to report that he has had problems with his prostate and colon during service and thereafter. However, the Board finds that the probative evidence of the record (e.g., service treatment records and postservice medical evidence) indicate that the Veteran does not have either a prostate condition or a colon condition that manifested in service. 



 (CONTINUED ON NEXT PAGE)




In conclusion, the Board finds that service connection is not warranted for a prostate condition and a colon condition. As the preponderance of the evidence is against the claims, the benefit-of-the-doubt standard of proof does not apply and the claims must be denied. 38 U.S.C.A. § 5107(b).


ORDER

Entitlement to service connection for a colon condition, claimed as tumors, to include as due to radiation exposure is denied.

Entitlement to service connection for prostate cancer, claimed as tumors, to include as due to radiation exposure is denied.




____________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs